HAROLD R. DeMOSS, JR., Circuit
Judge, concurring in part and dissenting in part:
I join in Parts I, II, and VI of the court’s opinion and I concur in the result of Part IV. For the reasons stated below, I dissent from Part V.
The majority recognizes that “it is undisputed that Hernandez was a Mexican citizen with no connection to the United States.” Majority Op. at 268. Additionally, the majority states “[a]ny claim ... [is] based on an injury suffered in a foreign country!,]” id. at 258, a place the majority acknowledges “the United States has no formal control or de facto sovereignty.” Id. at 270. Nevertheless, the majority determined that the Fifth Amendment is applicable in this case. At its heart, this determination is based on the dubious assessment that there is an undefined area on the Mexican side of the U.S.-Mexico border which is analogous to the United States Naval Station at Guantanamo Bay, Cuba.
The United States’ presence at Guantanamo Bay, Cuba, is based on both a lease and a treaty. Boumediene v. Bush, 553 U.S. 723, 764, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008). Furthermore, “the United States ‘has maintained complete and uninterrupted control of [Guantanamo Bay] for over 100 years.’” Majority Op. at 269 (quoting Boumediene, 553 U.S. at 768, 128 S.Ct. 2229). The same cannot be said of the Mexican side of the border. I reject the proposition that occasional exercises of “hard power across the border,” id. at 269, and practices such as “ ‘preinspection’ examination and inspection of passengers,” id. at 270, have somehow transformed a portion of northern Mexico into anything resembling the Naval Station at Guantanamo Bay. If the fact that the “United States exerts and has exerted powerful influence over northern Mexico,” id. (internal quotation marks and citation omitted), justifies application of the Fifth Amendment in a strip along the border, how wide is that strip? Is the Fifth Amendment applicable in all of Ciudad Juarez or even the entire state of Chihuahua? Ultimately, the majority’s approach devolves into a line drawing game which is entirely unnecessary because there is a border between the United States and Mexico.
To be clear, the majority’s opinion represents a significant expansion of Fifth Amendment protections which is not supported by precedent. Because I am persuaded that the Fifth Amendment does not *282 protect a non-citizen with no connections to the United States who suffered an injury in Mexico where the United States has no formal control or de facto sovereignty, I would affirm the district court’s judgment in favor of Agent Mesa on the Fifth Amendment claim.